UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 10/4/96**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HAROLD ONEE BEHRENS, also
known as Buddy Behrens,

Defendant-Appellant.

No. 96-7063
(E. Dist. of Oklahoma)
(D.C. No. CR-90-55-1-S)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.


Harold Onee Behrens, Jr., appearing *pro se* and *in forma pauperis*, appeals

the district court's denial of his motion to recover property pursuant to Rule 41(e)

of the Federal Rules of Criminal Procedure.  We **affirm**.

On July 27, 1990, officers of the Drug Enforcement Administration

("DEA") served a search warrant on a cabin in the area around Talihina,

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oklahoma. After a brief standoff with the agents, Behrens and others were seen fleeing the cabin. During their search of the cabin, the agents found an amphetamine production laboratory and numerous weapons. The agents seized $540.00 and all of the weapons.

Behrens was ultimately indicted and convicted for a number of drug and weapons charges. On appeal, this court affirmed the majority of Behrens convictions. *United States v. Johnson*, 977 F.2d 1360 (10th Cir. 1992). Nevertheless, this court reversed the charges relating to the weapons that Behrens now wants returned. *Id*. at 1377.

On March 18, 1996, Behrens filed a Motion for Recovery of Property or Summary Judgment" pursuant to Fed. R. Crim. P. 41(e). Behrens sought return of three weapons and the $540.00 seized from the cabin. The district court denied the Motion on April 1st, holding that Behrens had not demonstrated that he was the owner of the property or was lawfully entitled to its possession. Behrens appeals.

Rule 41(e) provides that "[a] person aggrieved by . . . the deprivation of property may move the district court . . . for the return of the property on the ground that such person is entitled to lawful possession." Accordingly, to prevail on his Motion, Behrens must allege and prove that he is lawfully entitled to the possession of the property at issue. Behrens has made no such allegation, either

in his Motion or in his briefs on appeal. Instead, Behrens appears to contend that he need not allege or prove ownership or right to possess because he was charged with and convicted of maintaining an amphetamine laboratory in the cabin and of possessing the weapons.[1] That fact alone, according to Behrens, creates in him some kind of right to both the weapons and money.[2]

We reject as utterly frivolous Behrens contention that his conviction on drug and weapons charges relieved him from proving he has the right to possess the weapons and money at issue here. Because Behrens has declined to assert any

---

[1]As indicated above, this court reversed Behrens weapons convictions as they relate to the specific weapons at issue here. *United States v. Johnson*, 977 F.2d 1360, 1377 (10th Cir. 1992).

[2]In his brief to this court, Behrens asserts that "[i]t would be unnecessary for the appellant to offer proof that he was the owner and entitled to the return of these items because the government themselves [sic] claimed he was the owner and offered proof enough for the jury to return a guilty verdict on the charge of maintaining a place and possession of a firearm."

ownership interest in the weapons and money, he is not entitled to the "return" of that property. Fed. R. Crim. P. 41(e).[3] Accordingly, the judgment of the United States District Court for the District of Eastern Oklahoma is hereby **AFFIRMED**.

ENTERED BY THE COURT


Michael R. Murphy
Circuit Judge

---

[3]Furthermore, at the time Behrens brought his Rule 41(e) motion he was a convicted felon. Accordingly, he was not "entitled to lawful possession" of the weapons as required by Rule 41(e). *See* 18 U.S.C. § 922(g).

-4-